It is at best very doubtful, unless it could be made appear that the plaintiff acted through fraud, or with a design to defeat the defendant of his testimony.[1] It is also *Page 342 
another question whether, after a witness has been once sworn and examined he shall be disqualified from interest. *Page 343 
In this case, however, it appears, the man was ruled to swear in the County Court.
HUMPHREYS and POWEL, JJ., thought the witness had not been sufficiently interrogated; he might have been asked if he were not equally interested on both sides, when he would be competent.[1] Upon this ground a new trial would be proper.
[1] ORIGINAL NOTE. — The modern rule which was laid down in cases like the present by the Court of King's Bench, in the case of Bentv. Baker, 1798, may admit of considerable doubt in relation to the generality of the proposition, "that where a person made himself a party in interest, after a plaintiff or defendant has an interest in his testimony, he may not, by this, deprive the plaintiff or defendant of the benefit of his testimony." It is admitted that this was the opinion of perhaps the greatest common lawyer who ever sat in England, Lord Holt, in the case of Varlow against Vowell, Skin. 586. The circumstance of the case, however, did not seem to warrant so general a proposition as that laid down in Bent v. Baker.
The following occurs as the most rational positions: —
1st. Whenever a person is called upon to witness a transaction, and he takes upon himself to do so, then he should not have it in his power, by making himself interested afterwards, to deprive either party, thus calling on him, of the benefit of his testimony.
2d. Though a person may not have been called to witness the transaction, but knows circumstances advantageous to either party, he ought not to deprive either of such knowledge, by becoming bail for either plaintiff or defendant, in the action as was in Hawkins v.
Perkins, 1 Str. 406.
3d. Neither party to the suit, should, by an act of theirs, intentionally deprive the other of the benefit of another's testimony, by any act or persuasions.
4th. Though a person hath not been called as a witness, yet he shall not, with design to deprive another of benefit of his testimony, be permitted to do so, by making himself interested.
With these exceptions, the general principles recognized in the case of Bain v. Hargrave, reported in Peak's Evidence, 136, must obtain. In that case, Lord Kenyon said, "a man might come voluntarily and charge himself with a debt, but he could not be compelled to charge himself civilly, any more than make himself liable to a criminal prosecution."
This general proposition seems compatible with a just sense of the general rights of men, and ought never to be lost sight of. It may admit of exceptions as stated above, — but with great deference to the opinion of Lord Kenyon, in Bent v. Baker, it would seem improper, almost to sweep from the law books so important and leading a principle to the interest of men in a free country.
The position would abridge rational liberty further than seems just.
A transaction takes place between A. and B., of which at that time, or perhaps afterwards, C. acquired some knowledge accidentally, or without being called upon. Afterwards, in the course of doing his own business, without a recollection of the affair, or view to either party, his interest comes in competition with one or the other of those parties, arising from the original transaction. In such a case ought C. to be compelled to swear against himself in a court of law? Self-preservation is the first law of nature, and it would seem to be an attempt to weaken its impression on our character, further than the rules of justice or necessity require in a court of law, to make a man give evidence against himself, where neither fraud nor fault could be imputed; one of two innocent men must suffer, the one who has honestly acquired a right, or the other who requires his evidence. By making such a person swear, we preserve an exception, but destroy the rule. See 1 Burr's Trial, 244, 245; 1 Am. L. J. 223; Taunton, 378; 3 Cr. 343; Swift's L. E. 24, 41, 77, 107; 8 Term Rep. 590.
[1] 4 Johns. 126; 1 Day, 403; Wil. ed. Bac. Ab. tit. Evidence B. in n.